IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

GARY RAYMOND WHEATON )
) No. 20-1750
v.

KILOLO KIJAKAZI,
Acting Commissioner
of Social Security

**OPINION AND ORDER**

**SYNOPSIS**

In this action, Plaintiff filed an application for supplemental social security income, based on mental and physical impairments. His application was denied initially and upon hearing by an Administrative Law Judge ("ALJ"). The Appeals Council denied his request for review. Before the Court are the parties' Cross-Motions for Summary Judgment. For the following reasons, Plaintiff's Motion will be granted, and Defendant's denied, and this matter remanded for further proceedings.

**OPINION**

**I.    STANDARD OF REVIEW**

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g) 6 and 1383(c)(3) 7. Section 405(g) permits a district court to review the transcripts and records upon which a determination of the Commissioner is based, and the court will review the record as a whole. See 5 U.S.C. §706. When reviewing a decision, the district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. Burns v. Barnhart, 312 F.3d 113, 118 (3d Cir. 2002).

1

Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate" to support a conclusion. Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971)). Substantial evidence may be "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ's decision] from being supported by substantial evidence." Consolo v. Fed. Maritime Comm'n, 383 U.S. 607, 620, 86 S. Ct. 1018, 16 L. Ed. 2d 131 (1966).  If the ALJ's findings of fact are supported by substantial evidence, they are conclusive. 42 U.S.C. § 405(g); Richardson, 402 U.S. at 390.

A district court cannot conduct a de novo review of the Commissioner's decision, or re-weigh the evidence of record; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered.  Palmer v. Apfel, 995 F.Supp. 549, 552 (E.D. Pa. 1998); S.E.C. v. Chenery Corp., 332 U.S. 194, 196 - 97, 67 S. Ct. 1575, 91 L. Ed. 1995 (1947).  Otherwise stated, "I may not weigh the evidence or substitute my own conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses, and reconciliation of conflicting expert opinions. If the ALJ's findings of fact are supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently." Brunson v. Astrue, No. No. 10-6540, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted).

## II.     THE PARTIES' MOTIONS

Plaintiff raises three primary arguments on appeal: 1) that the ALJ erred in failing to consider his pulmonary emboli and deep vein thrombosis ("DVT") at Step 2 of the sequential analysis; 2) that the ALJ failed to properly consider his heart disease under Listing 4.04 (and relatedly, that

the Appeals Council improperly dealt with subsequent evidence); and 3) that the ALJ failed to adequately explain the residual functional capacity ("RFC").

As Defendant states, "[t]he ALJ acknowledged that during Plaintiff's September 2018 hospitalization for a heart attack just prior to the relevant period, he was diagnosed with pulmonary embolism and deep vein thrombosis…." Defendant argues that the medical records referred to these conditions in the past tense – i.e., that Plaintiff had a "history of" the conditions. Defendant also argues that Plaintiff did not allege these conditions as bases for disability, and that the ALJ's error, if any, was harmless.

While Defendant characterizes the issue as whether the ALJ should have found these conditions to be severe impairments, the question is whether he considered them, or was required to consider them, in the first instance. The fact that a condition is historical does not render it immune to inclusion in the sequential analysis.[1]  Moreover, even if an ALJ did not need to consider a claimant's condition at step two, he must consider it at later steps. See Leibold v. Comm'r of Soc. Sec., 19-1078, 2020 U.S. Dist. LEXIS 59768, at *22 (N.D. Ohio Apr. 6, 2020). Further, the fact that Plaintiff did not assert these conditions as bases for disability is not fatal to his appeal, as an ALJ should consider impairments about which evidence has been presented, and not only those that claimant asserts. See, e.g., Robinson v. Astrue, 667 F. Supp. 2d 834, 850 (N.D. Ill. 2009).  The Court notes that while Defendant points to possible explanations for the ALJ's treatment of Plaintiff's embolism and DVT, no such explanation appears in the ALJ's decision. The conditions are referred to only in passing, when summarizing Plaintiff's

---

[1] Indeed, case law is full of situations in which history of pulmonary embolism has been considered a medically determinable impairment, whether severe or non-severe. Cf., e.g., Robinson v. Berryhill, No. 17-1254, 2018 U.S. Dist. LEXIS 80637, at *11 (D. Kan. May 14, 2018); Wallace v. Comm'r of Soc. Sec. , No. S-09-1062-CMK, 2010 U.S. Dist. LEXIS 102241 (E.D. Cal. Sep. 27, 2010).  As an aside, according to the Centers for Disease Control, pulmonary embolism and DVT, under certain circumstances, can be considered chronic conditions. https://www.cdc.gov/ncbddd/dvt/facts.html.

hospitalization. On November 20, 2018, Dr. Nystrom, a treating physician, indicated a weight limit of 10 pounds; the ALJ stated that he found this unpersuasive, because it was "limited in scope to the time directly following the claimant's hospitalizations." While hospital discharge records suggest a temporal limitation, no such limitation is evident on the face of Dr. Nystrom's records. At the hearing, Plaintiff testified that he continues to experience symptoms similar to those he had with the emboli; medical records reflect the same. In addition, Plaintiff continued medications related to his history of embolism. Under the circumstances, the Court is unable to discern whether and how the ALJ considered all of Plaintiff's diagnoses and conditions, and whether such analysis impacted or would impact the ALJ's credibility or other assessments. While this case presents a close call, it is not for this Court to conduct additional analysis not undertaken by the ALJ.

Accordingly, this matter will be remanded for further consideration. Because I remand on other grounds, the Court need not reach Plaintiff's remaining arguments. The ALJ may, of course, reconsider other aspects of his decision on remand.

## CONCLUSION

For the foregoing reasons, this matter will be remanded for further proceedings consistent with the foregoing Opinion. An appropriate Order follows.

BY THE COURT:

*Donetta F. Ambrose*

_____

Donetta W. Ambrose
Senior Judge, U.S. District Court

Dated: 1/27/22

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

GARY RAYMOND WHEATON )
) No. 20-1750
v.

KILOLO KIJAKAZI,
Acting Commissioner
of Social Security

## ORDER

AND NOW, this 27th day of January, 2022, it is hereby ORDERED, ADJUDGED, and DECREED that Plaintiff's Motion is granted and Defendant's DENIED. This matter is remanded for further proceedings consistent with the foregoing Opinion.

BY THE COURT:

_____

Donetta W. Ambrose

Senior Judge, U.S. District Court